Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0076

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LIN, BING XIAN.<br><br>Defendant. | CRIMINAL CASE NO. 07-00018<br><br>MOTION TO COMPEL DISCOVERY<br><br>Trial Date: July 2, 2007<br>Time     : 9:00 a.m.<br>Judge    : Hon. Alex R. Munson |

## MOTION FOR DISCOVERY

**COMES NOW**, Defendant, Lin, Bing Xian, by and through undersigned counsel, and respectfully request an order requiring the United States Attorney to provide the discovery listed below by a date certain established by this Court. This Motion is brought pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Due Process Clause of the United States Constitution, and the accompanying memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

Under Rule 12(b) of the Federal Rules of Criminal Procedure, a party must file a motion for discovery, otherwise the failure to file such motion may constitute a waiver under Rule 12 (e). In addition to the items specifically addressed below, this motion seeks to compel the United States to

- 1 -

produce any evidence that it intends to use at trial that is subject to discovery under Rule 16. F.R.Cr. P. Rule 12(b)(4)(B).

The rules of criminal procedure and the due process clause of the United States Constitution requires that a prosecutor must make an effort to obtain discoverable information for the defense that is in the possession, custody, or control of other governmental agencies acting on the prosecutor's behalf. Prosecutors must exercise due diligence to determine the existence of such material and has an additional obligation to lean of favorable information in the possession of others. *Kyles v. Whitley*, 115 S. Ct. 1769 (1995)

Defendant requests production or disclosure of the following items for purposes of discovery:

1. The Defendant's Statement..

Under F.R.Cr. P. 16(a)(1)(A) and (B), the defendant is entitled to disclosure of all copies of any written or recorded statement made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements contained in the handwritten notes of the government agents; any response to any Miranda Warnings which may have been given to the defendant (See *U.S. v. McElroy,* 697 F. 2d 459 (2nd Cir. 1982); and any other statements by the defendant that are discoverable under F.R.Cr. P. 16 (a)(1)(A),(B).

2. Arrest, Reports, Notes, and Dispatch Tapes.

The defendant also requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirely, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). See also *U.S. v. Johnson*, 525 F. 2d 999 (2nd Cir. 1975); *U.S. B. Lewis*, 511 F. 2d 798 (D.C. Cir. 1975); *U.S. V. Pilnick,* 267 F. Supp. 791 (S.D.N. Y. 1967); *Loux v. U.S.* 389

F. 2d 911 (9th Cir. 1968). Arrest reports, investigator's notes memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under F. R. Cr. P. 16(a)(1)(B).

3. Reports of Scientific Test or Examinations.

Pursuant to F.R.Cr. P. 16 (a)(1)(F), defendant requests the reports of all test and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis and substance identification chemical testing that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense of which are intended for use by the government as evidence in chief at trial.

4. Brady Material.

The defendant requests all document, statement, agent's report, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. U.S. v. Bagley, 473 U.S. 667 (1985); U.S. v. Agurs, 427 U.S. 97 (1976). This request specially includes any information about out-of-control identification of defendant by recipient witnesses to this offence that may cast doubt on their reliability.

5. Evidence Seized

Evidence seized as a result of any search, either warrantless or with warrant is discoverable under F.R.Cr. P 16(a)(1)(C).

6. Request for Preservation of Evidence.

The defendant requests that all dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest of the events leading to the arrest in this case be preserved. This request includes, but not limited to, any samples used to run any scientific tests and evidence seized from any third party. It is requested that the government question all the agencies and individuals involved in

the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

7. <u>Tangible Objects.</u>

The defendant request, under F.R.Cr. P. 16 (a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all physical evidence, other documents and tangible objects, including photographs of building or place or copies of portions thereof which are material to the defense or intended for use in the government's case in chief, or were obtained from or belong to the defendant.

8. <u>Evidence of Bias or Motive to Lie.</u>

The defendant requests any evidence that any prospective government witness is biased or prejudiced against that defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *U.S. V. Strifler*, 851 F. 2d 1197 (9th Cir. 1988).

9. <u>Impeachment Evidence.</u>

The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. Such evidence is discoverable under *Brady v. Maryland*, see also *U.S. v. Strifler*, 851 F. 2d 1197 (9th Cir. 1988) (witness prior record); *Thomas v. U.S.*, 343 F. 2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

10. <u>Evidence of Criminal Investigation of any Government Witness.</u>

The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. *U.S. v. Chitty*, 760 F. 2d 425 (2nd Cir. 1985)

11. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.</u>

The defendant requests that any evidence, including any medical or psychiatrist report or evaluation, tending to show that any prospective witness' ability to perceive, remember,

- 4 -

communicate, or tell the truth is impaired; and any evidence that a witness had use narcotics or other controlled substance, or has ever been an alcoholic. *U.S. v. Strifler,* 851 F. 2d 1197 (9th Cir. 1988); *Chavis v. North Carolina,* 637 F. 2d 213, 224 (4th Cir. 1980).

12. Name of Witness(es) Favorable to the Defendant.

The defendant requests the name of any witness who made any favorable statement concerning the defendant. *Jackson v. Weinwright,* 390 F. 2d 288 (5th Cir. 1968); *Chavis v. North Carolina,* 637 F. 2d 213, 233 (4th Cir. 1980); *Jones v. Jago,* 575 F. 2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn,* 601 F. 2d 785 (5th Cir. 1979).

13. Statements Relevant to the Defense.

The defendant requests disclosure of any statement that may be relevant to any possible defense or contention that he might assert. *U.S. v. Bailleaux,* 685 F. 2d 1105 (9th Cir. 1982). This includes any statements made by percipient witnesses about identification of the perpetrators of this offense in general and about the defendant Lin in particular.

14. Jencks Act Material

The defendant requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500. Defendant Redor specifically requests pretrial production of these statements and statements that fall within the definition of Rule 12.2 of the F.R.Cr, P. so that the court may avoid unnecessary recesses and delays for defense counsel for properly use any Jencks statements and prepare for cross- examination.

15. Giglio Information.

Pursuant to *Giglio v. U.S.* 405 U.S. 150 (1972), the defendant requests production of all statements and promises made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

- 5 -

## CONCLUSION

Based upon the foregoing points and authorities, Defendant requests that the Court grant the motion for discovery and issue an order requiring production of discoverable materials within the possession of the government.

Respectfully submitted this ___14th___ day of June 2007

**COLIN M. THOMPSON**
Attorney at Law