Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776
Bar No.: F0221

*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL CASE NO. 07-00018** |
| **Plaintiff,** | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| **v.** | |
| **LIN, BING XIAN.** | **Trial Date: July 2, 2007** |
| **Defendant.** | **Time  : 9:00 a.m.**<br>**Judge : Hon. Alex R. Munson** |

I, Colin M. Thompson, do declare that:

1.      I am the attorney of record for Defendant Lin, Bing Xian.  I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth.

2.      On or about June 04, 2007, Defendant's counsel served a discovery request to the Office of the United States Attorney.  Attached to this declaration as Exhibit "A" is a true and correct copy of the letter.

3.      As of the filing of this motion, no discovery materials have been provided to Defendant's counsel.

1

2    I declare under penalty of perjury under the law of the United States that the foregoing is true to

3    the best of my knowledge and belief.

4

5    Dated this 14th day of June, 2007.

6

7

8                                                              _____

9                                                              COLIN M. THOMPSON, ESQ.
                                                              Attorney for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# *Colin M. Thompson*
## Attorney at Law

PMB 917, Box 10001 Saipan, MP 96950, U.S.A.          Telephone No. : (670) 233-0777
E-mail: colin.thompson@saipan.com                    Facsimile No. : (670) 233-0776

June 1, 2007

*Via Hand Delivery*

Timothy Moran
Assistant United States Attorney
U.S. Attorney's Office
3rd Floor, Horiguchi Building
Garapan, Beach Road
Saipan, MP 96950

Re:     USA vs. Lin, Bing Xian
        Criminal Case No. 07-00018

Dear Mr. Moran:

I am writing you at this time to formalize a request for discovery on behalf of my client, Lin Bing Xian. On behalf of Mr. Lin, I ask for the opportunity to inspect and copy all materials referenced in attachment *"A"* to this letter.

Thank you in advance for your courtesy and cooperation.

Sincerely,

Colin M. Thompson

*Attachment: a/s*

cc:     client

*CMT/esl*

U.S. ATTORNEY'S OFFICE
DISTRICTS OF GUAM & NMI

JUN 04 2007

R E C E I V E D

---

Admitted to practice law in the State of California and
The Commonwealth of the Northern Mariana Islands

(1)     Pursuant to Federal Rules of Criminal Procedure, Rule 16:

    (A)     Any and all statements of the Defendant, whether written, recorded, computerized or otherwise memorialized within the possession, custody, or control of the government;

    (B)     The substance of any oral statement made by the Defendant in response to government interrogation whether before or after arrest and the recorded testimony of the defendant before a grand jury;

    (C)     Any written, computerized, taped or other such record containing the substance of any oral statement made by the Defendant, either before or after arrest;

    (D)     A copy of the Defendant's prior criminal record;

    (E)     Any books, papers, documents, photographs, computer records, tangible objets, building or places, or copies or portions thereof, which are material to the preparation of Defendant's defense or are intended for may be intended for use by the government as evidence at trial;

    (F)     Any report of physical or mental examinations and of scientific test or experiments, and the results thereof, made in connection with this case.

    (G)     A written summary of expert testimony the government intends to use during trial, including the witnesses' opinion, the bases and the reasons therefor, and the witnesses' qualifications.

(2)     The Defendant also requests the government to produce evidence mandated by *Brady V. Maryland* and its progeny. Such evidence should include, but is not limited to, the following:

    (A)     Statements of all persons who have been interviewed by an agent of the government in connection with the subject matter of this case and whom the government does not intend to call at trial.

    (B)     The memoranda or summaries of any oral statements made to an agent of the government by any person in connection with the subject of this case, whether or not the statement, if in writing, has been signed or approved by the witness or the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

(C)   Any and all statement of person, or memoranda, summaries or recording of any oral statements of any persons, whether or not made to an agent of the government or whether or not the statement, if in writing, has been signed or approved by the witness or the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

(D)   Any memoranda, documents or statements used by the government during the investigation of this case.

(E)   The names and address of all persons who may have some knowledge of the facts of this case.

(F)   A copy of, or summary reflecting, the criminal records of all persons the government intends to call at trial.

(G)   All reports and memoranda prepared on behalf of the government or otherwise in connection with the investigation of this case.

(H)   Any and all documents, statements, memoranda, records or other such material which may contain information to impeach government witnesses.

(I)   The identity of any confidential informants involved in this case.

(J)   As to any confidential informants involvement is this case, please produce the informant's prior criminal record, all promises of consideration given to the witness, identification of the confidential informant's prior testimony, and any evidence of narcotic habits.

(K)   Any and all other evidence known to or in the possession or control of the government, which may be favorable to the Defendant and material either to guilt or punishment, or which reasonably weaken or affect any evidence proposed to be introduced against the Defendant, or which is relevant to the subject matter of the information, or which in any manner may aid Defendant in the ascertaining of the truth.

(L)   Any all documents relating to or evidencing plea agreements, deferred prosecution agreements or any other type of agreements entered into with the government by any person who has provided information to the government relating to this case.

(3)    The Defendants also requests the government to give him notice of the government's intention to introduce as evidence at trial, the following:

(A)  Evidence of "other crimes, wrongs, or acts" of this Defendant, as that phrase is used in Rule 404(b) of the Federal Rules of Evidence.  This notice should identify and describe the following:

1.  The dates, times, places, and persons involved in the other crimes, wrong, or acts;

2.  The statements of each participant in the other crimes, wrongs, or acts;

3.  The documents or other tangible objects that contain evidence of the other crimes, wrong, or acts, including when the documents were prepared, who prepared the documents, and who has possession of the documents;

4.  The issue or issues on which the government believes evidence of other crimes, wrongs, or acts is relevant within the meaning of the Federal Rules of Evidence.

(B)  Evidence of "specific" instance of conduct" of this Defendant, as that phrase is used in Rule 608(b) of the Federal Rules of Evidence.  This notice should identify and describe the following:

1.  The dates, times, and persons involved in the specific acts of misconduct;

2.  The statements of each participants in the acts of misconduct; and

3.  The documents or other tangible objects that contain evidence of the specific acts or misconduct, including when the documents were prepared, who prepared the documents, and who has possession of the documents.

(C)  Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, any evidence which the government intends to use in its evidence in chief at trial which the Defendant may be entitled to discover under Rule 16 of the Federal Rules of the Criminal Procedure.

(4)  The Defendant also requests, pursuant to *Giglio v. U.S., 405 U.S. 150 (1972),* that the government provide all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(5)     The Defendant requests all material to which Defendant is entitled pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure. The Defendant specifically request pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any statements and prepare for cross-examination.

*(6)*     The Defendant requests that the government examine the personnel files and any other files within it custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informants used in this case. The Defendants requests that these files be reviewed by the government attorney for evidence of perjorious conduct or other like dishonesty, pursuant to its duty *under U.S. v. Henthorn, 960 F.2d 1488, 1492 (9th Cir. 1992).*

(7)     Finally, the Defendant the Government to preserve any and all physical evidence that may be destroyed, lost or otherwise put out of the possession, custody or care of the government and which relates to the arrest or the events leading to the arrest in this case.